## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**CHARLOTTE AYIO**                                    **CIVIL ACTION NO.**

**VERSUS**

                                                      **23-1442-BAJ-EWD**

**SUSIE BOYKINS, ET AL.**

### NOTICE

     Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Signed in Baton Rouge, Louisiana, on August 19, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**CHARLOTTE AYIO**                                            **CIVIL ACTION NO.**

**VERSUS**

                                                             **23-1442-BAJ-EWD**

**SUSIE BOYKINS, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand, filed by Charlotte Ayio ("Plaintiff"), which contends that this Court lacks subject matter jurisdiction because nondiverse Defendant Susie Boykins ("Boykins") was properly joined and that the case was not timely removed.[1]  Defendant DG Louisiana, LLC d/b/a Dollar General ("DG Louisiana") opposes the Motion.[2]  The matter is fully briefed and oral argument is not necessary.

Because DG Louisiana has met its "heavy burden" to show that the non-diverse Boykins was improperly joined, and because the removal was timely, it is recommended[3] that the Motion be denied and that Plaintiff's claims against Boykins be dismissed without prejudice.  It is further recommended that the Motion to Dismiss Susie Boykins Pursuant to FRCP 12(B)(6),[4] filed by Defendants Susie Boykins and Defendant DG Louisiana, LLC d/b/a Dollar General, be terminated as moot as the Motion to Dismiss requests dismissal on the same grounds as those argued on the Motion to Remand. If the recommendations are adopted, the matter should be referred to the Magistrate Judge for a scheduling conference.

---

[1] R. Doc. 6.  Plaintiff did not file a reply memorandum.
[2] R. Doc. 8.
[3] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").
[4] R. Doc. 7.

## I.    BACKGROUND

This is a civil action for damages arising out of an alleged slip and fall accident.[5]  On June 2, 2023, Plaintiff filed her Petition for Damages ("Petition") against Boykins and DG Louisiana in state court.[6]  The Petition alleges that Plaintiff fell after slipping in liquid she believed to be laundry detergent while shopping at a Dollar General store.[7]  The Petition further alleges that Boykins is liable because she an employee of DG Louisiana, who was on duty and who knew or should have known of the hazardous condition.[8]

On October 5, 2023, DG Louisiana removed the matter to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332.[9]  The amount in controversy is  met based on Plaintiff's pre-removal interrogatory response in which she alleged itemized damages of $310,831.65.[10]  Although the Notice of Removal only alleges Plaintiff's residency, which is insufficient,[11] the Petition adequately states that Plaintiff is a Louisiana citizen,[12] diverse from DG Louisiana, which unwinds to a Tennessee corporation with its principal place of business in Tennessee.[13] However, Boykins, like Plaintiff, is alleged to be a Louisiana citizen.[14]  In other words, if Boykins remains in this case, this Court cannot exercise subject matter jurisdiction.[15]

---

[5] R. Doc. 1-2, ¶ 4.

[6] R. Doc. 1-2.

[7] R. Doc. 1-2, ¶ 4.  In connection with these claims, Plaintiff seeks damages, including medical expenses, physical suffering, loss of wages, and mental anguish, *etc.*  R. Doc. 1-2, ¶ 15.

[8] R. Doc. 1-2, ¶¶ 7-8.

[9] R. Doc. 1, ¶ 13.

[10] R. Doc. 1-3, pp. 8-9. Plaintiff's response to DG Louisiana's Interrogatory No. 23, which DG Louisiana received the day before removal, indicates that Plaintiff's damages likely exceed the jurisdictional threshold.

[11] R. Doc. 1, ¶ 12(A). The United States Fifth Circuit Court of Appeals has consistently held that an allegation of residency alone is insufficient to establish domicile.  *See MidCap Media Finance, L.L.C. v. Pathway Data, Inc*., 929 F.3d 310, 313-14 (5th Cir. 2019).

[12] R. Doc. 1-2, p. 1, introductory paragraph.

[13] R. Doc. 1, ¶ 12(B) (alleging that DG Louisiana has one member, Dolgencorp, LLC, which has one member, Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee).

[14] R. Doc. 1-2, ¶ 1.

[15] No party alleges another basis for federal jurisdiction, and none is apparent.

Because DG Louisiana claimed in the Notice of Removal that Boykins had been improperly joined, the Court required Plaintiff to either amend her Complaint to delete all claims against Boykins, if she agreed that Boykins was improperly joined, or to seek remand if she believed that Boykins was properly joined.[16]   In response, Plaintiff filed the Motion, which seeks remand based on lack of diversity and untimeliness of removal.[17] DG Louisiana opposes the Motion on both grounds.[18]

## II.   LAW AND ANALYSIS

### A.  Legal Standards

*Timeliness of Removal*

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[19]   When, as here, jurisdiction is alleged based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[20]   Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[21]

To trigger the 30-day time period for removal from the defendant's receipt of the initial pleading, as provided in § 1446(b)(1), the United States Court of Appeals for the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking

---

[16] R. Doc. 5.
[17] R. Doc. 6.
[18] R. Doc. 8.   The day after the current Motion was filed, DG Louisiana filed a Motion to Dismiss Boykins as improperly joined, which is also pending. R. Doc. 7.
[19] 28 U.S.C. § 1441(a).
[20] 28 U.S.C. § 1332(a)(1).
[21] *Hinkle v. USAA Gen. Indem. Co.*, No. 17-156, 2017 WL 4411052, at *3 (M.D. La. Sept. 11, 2017), report and recommendation adopted, No. 17-156, 2017 WL 4401631 (M.D. La. Sept. 29, 2017), citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

damages in excess of the minimum jurisdictional amount of the federal court.'"[22]  If a plaintiff wants the 30-day period to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount."[23]  The initial pleading in this action does not contain a specific allegation that damages exceed the federal jurisdictional amount.[24] Accordingly, the 30-day period for removing the action was not triggered by service of the initial pleading, which is not disputed by any party.

To trigger the 30-day time period from the defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), the Fifth Circuit has provided that the 30-day removal period is triggered only where jurisdiction is "unequivocally clear and certain" from the document.[25]  Courts have found that the standard for triggering removal based on a subsequent "amended pleading, motion, order, or other paper" as provided in § 1446(b)(3), such as a discovery response,[26] is at least as strict as the standard for triggering the 30-day period for removal based on an initial pleading provided in § 1446(b)(1).[27]

---

[22] *Scott v. Office Depot, Inc.,* No. 14-791, 2015 WL 2137458, at *3 (M.D. La. May 7, 2015), citing *Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)).

[23] *See Elkins v. Bradshaw,* No. 18-1035, 2019 WL 2096126, at *2 (M.D. La. Apr. 24, 2019), report and recommendation adopted, No. 18-1035, 2019 WL 2092564 (M.D. La. May 13, 2019) citing *Chapman,* 969 F.2d at 163: ("Such a statement would provide notice to defendants that the removal clock had been triggered, but would not run afoul of state laws, such as Louisiana, that prohibit pleading unliquidated damage amounts. *See* La. C.C.P. art. 893. In *Bosky v. Kroger Texas, LP,* 288 F.3d 208, 210 (5th Cir. 2002), the Fifth Circuit addressed *Chapman* and suggested, in dicta, that specific damage estimates in the initial pleading that are less than the minimum jurisdictional amount can be combined with other unspecified damage claims to trigger the time limit for filing the notice of removal. In *Mumfrey,* a subsequent panel criticized this portion of *Bosky,* questioned the authority upon which it relied, and noted that if there is a conflict between *Chapman* and *Bosky,* *Chapman* controls as the earlier opinion. *Mumfrey,* 719 F.3d at 400 (characterizing this portion of *Bosky* as 'a line that has become the source of significant confusion'). *See Clark v. Dolgencorp,* No. 13-2336, 2014 WL 458220, *3 (W.D. La. Feb. 4, 2014) ('*Mumfrey* expressly rejected the dicta in *Bosky* that was the cause of confusion and instead reiterated that the 'bright line rule' set forth in *Chapman* applies').").

[24] R. Doc. 1-2.

[25] *See Scott,* 2015 WL 2137458, at *4, citing *Bosky,* 288 F.3d at 211 (stating that the statutory term "ascertained" means "unequivocally clear and certain").

[26] Discovery responses have been held to be "other paper" within the meaning of 28 U.S.C. § 1446(b)(3).  *See Chapman,* 969 F.2d at 165.

[27] *See Scott,* 2015 WL 2137458, at *4, n. 2 ("In *Bosky,* the court indicated that the standard to trigger the second 30 day removal period (as is at issue in the instant case) 'seems to require a *greater* level of certainty' than the *Chapman*

*Improper Joinder and Remand*

The removing party has the burden of proving federal diversity jurisdiction.[28] Remand is proper if at any time the court lacks subject matter jurisdiction.[29] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[30]

The improper joinder doctrine is a narrow exception to the rule of complete diversity.[31] If a non-diverse defendant is improperly joined, a district court can disregard the citizenship of that defendant for the purposes of evaluating its jurisdiction.[32] "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."[33] In *Smallwood*, the seminal decision of the Fifth Circuit on this issue, the Court "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[34] Here, there has been no allegation of fraud in the pleading of jurisdictional facts. Rather, DG Louisiana specifically argues improper joinder under the second method, *i.e.*, that Plaintiff is unable to

---

standard used to determine whether a case must be removed based on the allegations contained in the initial pleading. *Id.* at 211 (emphasis added). The Fifth Circuit has subsequently held that *Bosky's* discussion of the standards for triggering the initial 30-day removal period constituted dicta because the issue before the *Bosky* court was whether removal was timely pursuant to the language of what is now § 1446(b)(3), and not whether removal was timely pursuant to the language of what is now § 1446(b)(1). *See Mumfrey,* 719 F.3d at 399 n. 1, citing *Bosky,* 288 F.3d at 209–11. The *Mumfrey* court criticized the *Bosky* decision to the extent it stated that the bright line rule announced in *Chapman* was less strict than the requirement for triggering the 30-day period with regard to amended pleadings and other documents. *Id.* at 400. While the *Mumfrey* court does not use the 'unequivocally clear and certain' language found in *Bosky,* its ultimate holding that the 30-day removal period was triggered by receipt of an amended petition seeking $3,575,000 in damages and not the initial petition, which did not specifically request any amount of damages, suggests that the standards for triggering the 30-day period are virtually identical (if not in fact identical) if removal is based upon the initial pleading or a subsequent paper. *See Smith v. Wal–Mart Louisiana, LLC,* No. 13–2368, 2013 WL 4781778, at *3 (W.D. La. Sept. 5, 2013) (*Bosky* should be read as imposing a trigger for the second removal period that is *at least* as strict as that set forth in *Chapman.*').")

[28] *Garcia v. Koch Oil Co. of Texas Inc*., 351 F.3d 636, 638 (5th Cir. 2003).
[29] *See* 28 U.S.C. § 1447(c).
[30] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).
[31] *McDonal v. Abbott Laboratories,* 408 F.3d 177, 183 (5th Cir. 2005).
[32] *Williams v. Homeland Ins. Co. of New York,* 18 F.4th 806, 812 (5th Cir. 2021), citing *Flagg v. Stryker Corp.,* 819 F.3d 132, 137 (5th Cir. 2016).
[33] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*).
[34] *Smallwood,* 385 F.3d at 573, quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

establish a cause of action against Boykins.[35]  Therefore, the question is whether DG Louisiana

has shown "that there is no possibility of recovery by the plaintiff against an in-state defendant,

which stated differently means that there is no reasonable basis for the district court to predict that

the plaintiff might be able to recover against an in-state defendant."[36]  A court may resolve the

issue of whether a plaintiff has a reasonable basis of recovery under state law in one of two ways.

"The court may conduct a Rule 12(b)(6) analysis, looking at the allegations of the complaint to

determine whether the complaint states a claim under state law against the in-state defendant.

Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[37]

"That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but

has misstated or omitted discrete facts that would determine the propriety of joinder.  In such cases,

the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[38]  If

the plaintiff cannot survive the Rule 12(b)(6) challenge, the claims against the improperly joined

defendant should be dismissed without prejudice.[39]

### B. DG Louisiana Has Met Its Burden of Establishing That Boykins Was Improperly Joined

"When a case is removed to federal court on the basis of diversity jurisdiction, the *Erie*

doctrine requires federal courts to apply substantive state law when adjudicating state law

claims."[40]  "Under Louisiana law, a court may hold a corporate officer or employee individually

---

[35] R. Doc. 1, ¶ 9; R. Doc. 8, pp. 4-5.

[36] *Smallwood,* 385 F.3d at 573.  *See also Williams,* 18 F.4th at 812 ("We typically evaluate this question by evaluating whether the plaintiff had any possibility of recovery against the non-diverse defendant in state court at the time of removal.") (citations omitted).

[37] *Smallwood*, 385 F.3d at 573.

[38] *Id.*

[39] *See Montoya v. State Farm Mut. Auto. Ins. Co.*, No. 16-5, 2016 WL 5942327, at *3 (W.D. Tex. Oct. 12, 2016), citing *Int'l Energy Ventures Mgt., L.L.C. v. United Energy Group, Ltd*., 818 F.3d 193, 210 (5th Cir. 2016) ("When a court determines a nondiverse party was improperly joined to defeat diversity, that party must be dismissed without prejudice.").

[40] *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, Nos. 10-684, 12-147, 2013 WL 1296678, at * 2 (M.D. La. Mar. 28, 2013), citing *LeMeilleur v. Monumental Life Ins. Co.*, 419 Fed.Appx. 451, 453 (5th Cir. 2011) and *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

liable for injuries to third persons under certain circumstances."[41]  "This 'liability may be imposed on such individuals even if the duty breached arises solely from the employment relationship.'"[42] When considering the sufficiency of allegations purporting to state a claim for an individual employee's personal liability, "[t]he Court is only concerned…[with] whether a viable claim may be made against [the defendant employee] personally and not whether [the employer] may be held vicariously liable for the action of its employees."[43]  As explained by the Fifth Circuit, "[v]icarious liability is not a revolving door. In certain situations, an employer may be held liable for the negligent acts of its employees…but *Canter* does not attach liability to a managerial employee absent breach of a duty personally owed by the employee to third parties."[44]

"Under Louisiana law, an employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care."[45] "However, a defendant-employee's 'general administrative responsibility' is insufficient to impose personal liability," the fourth *Canter* factor. [46]  For the employee to be found liable for

---

[41] *Kemp v. CTL Distribution, Inc.*, 440 Fed.Appx. 240, 245 (5th Cir. 2011) (unpubl.), citing *Canter v. Koehring*, 283 So.2d 716 (La. 1973), *superseded on other grounds by statute,* La. R.S. § 23:1032 (1998)).

[42] *Kemp*, 440 Fed.Appx. 245, citing *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) (citing *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994)).

[43] *Hornsby v. AlliedSignal, Inc.*, 961 F.Supp. 923, 930 (M.D. La. 1997).  *See also Haynes v. Healthcare Services Group, Inc.*, No. 13-649, 2014 WL 2769080, at *2 (M.D. La. May 30, 2014) ("To begin, vicarious and personal liability are not antithetical. 'If the elements for imposing liability on the corporate employee are met, it does not matter that the corporation might also be [vicariously] liable.'") (citing *Ford*, 32 F.3d at 936)).

[44] *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed.Appx. 911, 918-19 (5th Cir. 2009).

[45] *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013), citing *Canter*, 283 So.2d at 721.

[46] *Moore*, 732 F.3d at 457 (affirming district court's denial of motion to amend to add non-diverse employees and agreeing that plaintiff's "proffered amendment relied on the proposed parties' general responsibilities to oversee safety rather than on evidence of personal fault, as required to trigger individual liability under Louisiana law.") and *see Canter*, 283 So.2d at 721 (discussion of general administrative responsibility as the fourth factor).

purported personal fault or negligence arising from a breach of duty, "that person must have some personal contact with and responsibility towards the injured employee."[47]

The Petition contains only a few specific allegations about Boykins.   Plaintiff alleges that Boykins was the store employee on duty when the alleged slip-and-fall occurred, and that "Boykins, knew or should have known about hazardous conditions [that] existed in the said Dollar General facility."[48] Plaintiff also alleges that, as Boykins was acting in the course and scope of her employment with DG Louisiana on the day of the alleged slip and fall, DG Louisiana is "strictly liable for the negligent acts and omissions" of Boykins.[49]   Plaintiff describes the particulars of Boykins' negligence as follows:[50]

8.

The above-described incident and Plaintiff's resulting injuries and damages were caused by the negligent acts and omissions of Defendant, Susie Boykins, in the following non-exclusive particulars:

   a.  Failure to monitor;

   b.  Failure to inspect;

   c.  Failure to warn;

   d.  Failure to utilize proper warning and/or safety devices;

   e.  Failure to maintain a reasonably safe facility;

   f.  Breach of a non-delegable duty of reasonable care;

   g.  Other acts and omissions to be proved at trial of this cause.

---

[47] *Esco v. Smith*, 468 So.2d 1169, 1175 (La. 1985).  *See also Canter*, 283 So.2d at 721 ("personal liability cannot be imposed upon the…employee simply because of his general administrative responsibility for performance of some function of the employment.  He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.").

[48] R. Doc. 1-2, ¶ 7.

[49] R. Doc. 1-2, ¶ 10.

[50] R. Doc. 1-2, ¶ 8.

Plaintiff similarly alleges that DG Louisiana is also liable for her injuries, and that both Defendants have caused her damages.[51]

In brief, Plaintiff argues that the first *Canter* factor is satisfied because, pursuant to La. R.S. § 9:2800.6, DG Louisiana is a merchant who owed her a duty of care to keep the store floors in a reasonably safe condition, and according to DG Louisiana's discovery responses, Boykins was the only employee on duty that day, which made it impossible for Boykins to keep the floors in a safe condition.[52]  As to the second *Canter* factor, Plaintiff contends that, "*it is reasonable to infer that DG Louisiana, LLC delegated its duty to maintain safe aisles and passageways to its' employee, Susie Boykins, as she was the only on-duty employee at the time of the accident,*" and Plaintiff need only show that that there is a possibility DG Louisiana delegated the duty breached by Boykins.[53] Plaintiff additionally argues that, because Boykins was the only employee on duty who failed to conduct "safety sweeps" as required by store policies, there is a possibility that Plaintiff can successfully establish the third and fourth *Canter* factors, *i.e.*, that Boykins breached a personal duty through Boykins' own fault, which was not merely her general administrative responsibilities.[54]

---

[51] R. Doc. 1-2, ¶¶ 9, 11, 13, 15.

[52] R. Doc. 6-1, pp. 4-5, citing R. Doc. 6-5, pp. 2-3 (DG Louisiana's discovery responses) and La. R.S. § 9:2800.6, which provides, in pertinent part: "A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following: (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable. (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence. (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care."

[53] R. Doc. 6-1, p. 3 (emphasis added), citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751-52 (5th Cir. 1996) and R. Doc. 6-1, pp. 5-6, citing R. Doc. 6-7 and 6-8 (DG Louisiana's store policies, including floor maintenance).

[54] R. Doc. 6-1, p. 6.

DG Louisiana focuses on the fourth *Canter* factor, and contends that Plaintiff's allegations in the Petition are based solely on Boykins' general administrative duties, which are insufficient to establish Boykins' individual liability for Plaintiff's injuries.[55] DG Louisiana further contends that Plaintiff has not made any specific factual allegations that Boykins actually knew of or personally caused the spill that allegedly injured Plaintiff, and this Court has previously held that the lack of such factual allegations fails to state a claim against the nondiverse employee.[56]

The limited allegations against Boykins in the Petition are based on her role as an on-duty employee of the Dollar General store where the underlying incident occurred. These are not adequate factual allegations against Boykins to establish the elements necessary to overcome the restrictions on employee personal liability set out in *Canter*. While the Petition alleges that DG Louisiana breached its duty of care to keep the premises in a reasonably safe condition and free from hazards,[57] the Petition does not allege that the duty to remedy the alleged defect that caused Plaintiff's injuries, *i.e.*, the liquid on the floor on the date of the accident, was delegated by DG Louisiana to Boykins. Additionally, though the Petition states, in conclusory fashion, that Boykins, as the on-duty employee of DG Louisiana, "knew or should have known about hazardous

---

[55] R. Doc. 8, pp. 5-7, citing *Soman v. Target Corporation of Minnesota,* No. 20-649, 2022 WL 556825, at *4 (M.D. La. Jan. 13, 2022) (finding store manager improperly joined in a slip and fall case on negligence allegations similar to the ones asserted in this case, because all the allegations were based on the role as the store manager, and the plaintiff did not sufficiently allege that the manager had personal knowledge of the floor's condition); *Gautreau v. Lowe's Home Center, Inc.,* No. 12-630, 2012 WL 7165280, at *4 (M.D. La. December 19, 2012) (finding general manager improperly joined because the duty alleged was his general administrative duty and the plaintiff failed to show that the manager had any personal involvement with the display that caused the plaintiff's foot injury or performed any action that caused the accident); and *Longino ex rel. JL v. Dolgencorp, LLC*, No. 12-997, 2012 WL 3146349, at *2 (W.D. La. June 25, 2012) (finding district manager improperly joined in slip and fall case, because the plaintiff failed to assert any allegations that the store delegated any duties to the manager, and instead only alleged that manager was liable for his general administrative responsibilities).

[56] R. Doc. 8, p. 8, citing *Mier v. Sompo Am. Ins. Co.,* No. 22-73, 2023 WL 2950631, at *5, 7 (M.D. La. Feb. 13, 2023), recommendation adopted, No. 22-73, 2023 WL 2950621 (M.D. La. Mar. 9, 2023) (finding general manager improperly joined  because there was no allegation that the duty to remedy the defect that caused the plaintiff's slip and fall was delegated to manager and there was no specific factual allegation that the manger knew of or personally caused the alleged defect).

[57] R. Doc. 1-2, ¶¶ 8-9, 11.

conditions [that] existed in the Dollar General facility"—there is no specific factual allegation that Boykins knew of, or personally caused, the alleged defect at issue – the liquid on the floor.[58] While "[a] supervisor's knowledge of the dangers present 'could give rise to the personal duty contemplated in *Canter*'" the allegations in the Petition do not allege that Boykins had such knowledge.[59] Courts have consistently found that where a plaintiff fails to allege that a non-diverse defendant had personal knowledge of, or actively contributed to, the dangerous condition, the plaintiff has failed to state a claim against that defendant.[60]

---

[58] R. Doc. 1-2, ¶ 7. Likewise, Plaintiff's argument in brief that Boykins, as an employee/cashier, had the responsibility to make sure the floor was free of hazards per store policy, which duty Plaintiff infers was delegated to Boykins because she was the only employee on duty—are too general and speculative to find that Plaintiff has stated a claim against Boykins.  R. Doc. 6-1, pp. 5-6.

[59] *See Ford*, 32 F.3d at 936 (employee's knowledge of a risk of harm and failure to respond to the risk could create personal liability under *Canter*).  *See also*, *Creppel v. Apache Corp.*, No. 04-865, 2004 WL 1920932, at *3 & n. 1 (E.D. La. Aug. 25, 2004); *Mathes v. PNK (Baton Rouge) Partnership*, No. 17-392, 2017 WL 5762434, at *5 (M.D. La. Nov. 6, 2017) ("This Court has previously held that, 'Under Louisiana law, an employee's personal involvement in causing the alleged injury *or the employee's knowledge of the dangers present* could give rise to the personal duty contemplated by *Canter*.'") (quoting *Haynes*, 2014 WL 2769080, at *3 (citing *Canter*, 283 So.2d at 721)) (emphasis added); *Hayden v. Phillips Petroleum Co.*, 788 F. Supp. 285, 287 (E.D. La. 1992) (finding an employee's alleged personal knowledge of a dangerous pipeline could give rise to personal duty under *Canter*); *Flitter v. Walmart Stores, Inc.*, No. 09-236, 2009 WL 2136271, at *3 (M.D. La. June 19, 2009) ("Plaintiff alleges in her petition that defendant Spence 'was aware of the fact that the roof of the building was defective and leaked during rain showers, and was aware of the fact that the condition of the floors in the building due to the leaks in the roof was such that unsuspecting patrons were subjected to a significant danger in merely walking in the store'... Spence's alleged knowledge of the defective condition that caused plaintiff's accident gives rise to a heightened duty to the store patrons. Thus, a finding that Spence failed to remedy a known defective condition may give rise to personal fault....").

[60] *See*, *Giles v. Wal-Mart Louisiana, LLC*, No. 16-2413, 2016 WL 2825778, at * 4 (E.D. La. May 13, 2016) ("Plaintiff does not allege that Jabbia personally knew or actively contributed to any alleged unsafe conditions.  Plaintiff's allegation that all Defendants 'had actual or constructive knowledge' of the allegedly dangerous condition on the premises is a conclusory allegation that the Court is not required to accept and it does not amount to an allegation that Jabbia personally of the allegedly dangerous hole in the parking lot."); *Black v. Lowe's Home Centers, Inc.*, No. 10-478, 2010 WL 4790906, at *3 (M.D. La. Oct. 22, 2010) ("Considering that there is no evidence that Mr. Davis was present at the Lowe's store on the date of the accident and that Mr. Black has not alleged or testified to any personal breaches of duty by Mr. Davis relating to the accident (such as testimony that Mr. Davis personally left the band in question on the floor or that Mr. Davis had knowledge of its presence on the floor of the plumbing aisle and failed to take steps to remove it), it appears that the plaintiffs are seeking to impose liability on Mr. Davis for breaches of his general administrative duties as a store manager (such as his duties to supervise, inspect, and train), which is precluded by *Canter*.").  *See also, Carter v. Wal-Mart Stores, Inc*., No. 04-0072, 2005 WL 1831092, *2-3 (W.D. La. July 28, 2005) (finding two non-diverse managers improperly joined based on generic allegations that they were responsible for training and implementing safety procedures (*i.e.*, breaches of general administrative duties), and finding that the third nondiverse manager, whom plaintiffs alleged should have warned them of a falling overhead rack, was also improperly joined because he had no general duty to warn, and "Plaintiffs' proposed amended complaint contain[ed] no allegation that Wal-Mart delegated to [the employee] any duty to warn customers of safety hazards."

While the parties have submitted additional evidence on the improper joinder issue, a summary inquiry is unnecessary. When a plaintiff's allegations *can survive a Rule 12(b)(6) challenge*, the district court may, in some circumstances, "'pierce the pleadings and conduct a summary inquiry' before slamming the door on a claim of improper joinder."[61]  Here, because Plaintiff's allegations against Boykins do not survive a Fed R. Civ P. 12(b)(6)-type analysis, it is not necessary to consider "summary-judgment type" evidence.[62]

### C.  The Notice of Removal Was Timely Filed

As explained above, the parties are completely diverse when the citizenship of Boykins, who was improperly joined, is disregarded.  The parties also do not dispute that the amount in controversy exceeds $75,000, and Plaintiff's interrogatory responses show by a preponderance of the evidence that the amount in controversy is likely met.[63]

Plaintiff contends that removal was not timely in this case because she sent pre-Petition correspondence to DG Louisiana on May 9, 2023 and May 19, 2023, which forwarded medical

---

[61] *Pitman v. Crane Co.*, No. 13-83, 2013 WL 1403326, at *3 (E.D. La. April 5, 2013) (emphasis added) and, *e.g., Smallwood*, 385 F.3d at 573.

[62] While Plaintiff extensively quotes *Sid Richardson Carbon & Gasoline Co.* in urging the Court to conduct a summary inquiry, the improper joinder analysis has evolved since that decision, which predated *Smallwood*, and *Smallwood* is controlling. R. Doc. 6-1, p. 3, citing 99 F.3d at 751-52 and *see Smallwood*, 385 F.3d at 573-74, limiting the scope of summary inquiries ("While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.").  However, even if the evidence newly attached to the Motion were considered, it would not change the analysis.  Plaintiff's brief alleges that Boykins prepared the customer incident report after watching the video and speaking to Plaintiff, which indicates that is how Boykins learned of the spill, and the report itself does not indicate that Boykins was delegated the duty to remedy, or was aware of, the spill before Plaintiff reporting it.  R. Doc. 6-1, p. 2 and  R. Doc. 6-6.  *See Lundy v. ACE Am. Ins. Co.,* 674 F. Supp. 3d 326, 337 (M.D. La. 2023), as amended (Aug. 11, 2023) (declining to conduct a summary inquiry and noting that the proffered customer incident report did not show delegation of duties to the nondiverse manager or that he was aware of the hazard before the slip and fall).  DG Louisiana's store policies convey the general administrative duties expected of all of its employees; they did not delegate specific tasks to Boykins that Boykins personally owed to Plaintiff. R. Docs. 6-7 and 6-8.  Similarly, DG Louisiana's discovery responses also describe general tasks expected of all of its employees, but do not indicate any duties that were delegated to Boykins specifically regarding Plaintiff, or indicate that Boykins was personally aware of the spill. R. Doc. 6-5, pp. 3-5.

[63] R. Doc. 1-3, pp. 8-9 (Interrogatory No. 23). While Plaintiff resisted amending her state court Petition to include an La. Code Civ. Proc. art 893 statement (*see* R. Doc. 8-5) and refused to respond to a Request for Admission regarding the amount in controversy (R. Doc. 8, p. 3 and R. Doc. 8-4, p. 6), Plaintiff does not currently challenge that the amount in controversy requirement for federal subject matter jurisdiction is met.

records and alleged past medical expenses and lost wages of $33,905.10 and $41,704.10, respectively.[64] Citing 28 U.S.C. § 1446(b)(3),[65] Plaintiff contends that, as DG Louisiana had information that Plaintiff's special damages were more than $41,000 pre-Petition, the 30-day removal clock was triggered as soon as DG Louisiana was served with the Petition in late June 2023.[66] Plaintiff is incorrect.

The Fifth Circuit has held that § 1446(b)(3) "requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' *after* receiving the initial pleading."[67] Since the June 2, 2023 correspondence, sent before suit was filed, could not have triggered the removal clock, and no party disputes that the removal was filed on October 5, 2023, within thirty (30) days of receipt of the only "other paper" at issue—Plaintiff's interrogatory responses, dated October 4, 2023—Plaintiff's argument that removal was untimely fails.

## III.    RECOMMENDATION

Susie Boykins has been improperly joined as a defendant in this case. The generalized, conclusory allegations in the Petition that Boykins knew or should have known of hazardous conditions and failed to remedy them because of her role as the store employee on duty at the time of Plaintiff's alleged slip-an-fall fail to state a cause of action under *Canter.* The parties are completely diverse when Boykins citizenship is properly disregarded and the other requirements for diversity subject matter jurisdiction are met. Additionally, the case was timely removed, as

---

[64] R. Doc. 6, p. 7; and R. Doc. 6-4 (correspondence from Plaintiff's counsel).

[65] It does not appear that Plaintiff is arguing that removal was untimely based on 28 U.S.C. § 1446(b)(1), *i.e.*, that the removal clock was trigged by DG Louisiana's receipt of the Petition *based on the Petition itself*; rather, it appears that Plaintiff is arguing that DG Louisiana's receipt of her medical records pre-Petition was "other paper" triggering the removal clock under § 1446(b)(3), which began to run when DG Louisiana was served. R. Doc. 6-1, p. 7. Any argument that the Petition itself triggered removal would also fail as the Petition does not contain "a specific allegation that damages are in excess of the federal jurisdictional amount," as required by *Chapman,* 969 F.2d at 163.

[66] R. Doc. 6-1, p. 7; R. Doc. 6-3 (service returns); and R. Doc. 6-4 (correspondence).

[67] *Chapman*, 969 F.2d at 164 (emphasis added)

neither the Petition nor any pre-Petition correspondence triggered the removal clock, and the removal was filed one day after DG Louisiana's receipt of Plaintiff's discovery responses.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Remand,[68] filed by Plaintiff Charlotte Ayio, be **DENIED.**

**IT IS FURTHER RECOMMENDED** that the claims of Plaintiff Charlotte Ayio against Defendant Susie Boykins be **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss Susie Boykins Pursuant to FRCP 12(B)(6),[69] filed by Defendants Susie Boykins and Defendant DG Louisiana, LLC d/b/a Dollar General, be **TERMINATED AS MOOT** as the motion seeks dismissal on the same grounds as those argued on the Motion to Remand.

**IT IS FURTHER RECOMMENDED** that this matter be referred to the undersigned for a scheduling conference.

Signed in Baton Rouge, Louisiana, August 19, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[68] R. Doc. 6.
[69] R. Doc. 7.