UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLOTTE AYIO                                                                       CIVIL ACTION

VERSUS

SUSIE BOYKINS, ET AL.                                                        NO. 23-01442-BAJ-EWD

RULING AND ORDER

This is a slip and fall personal injury case. After Plaintiff allegedly injured herself falling in a Dollar General store on detergent that had spilled on the floor, she sued Defendants DG Louisiana, LLC and Susie Boykins—the employee working in the store at the time—in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana. (Doc. 1-2). Defendant DG removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). Although Boykins, like Plaintiff, is a Louisiana citizen and would defeat the Court's subject matter jurisdiction, Defendant DG alleges that Boykins has been improperly joined. (Doc. 1-2). Now before the Court is Plaintiff's **Motion to Remand (Doc. 6, the "Motion")**, which seeks remand based on lack of diversity—because Plaintiff argues that Boykins' joinder was proper—and for untimeliness of removal. (*Id.*). The Motion is opposed. (Doc. 8).

On August 19, 2024, the Magistrate Judge issued a **Report And Recommendation (Doc. 14, the "Report")**, recommending that Plaintiff's Motion be denied because removal was timely and Boykins was improperly joined. (*Id.*). The Report further recommends that Boykins be dismissed without prejudice. (Doc. 14 at

15). Plaintiff objects to the Report, but only to the Magistrate Judge's improper joinder analysis. (Doc. 15 at 1).

"[T]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant . . . ." *Smallwood v. Illinois Cent. R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004). According to the Magistrate Judge, Plaintiff cannot recover against Boykins because Plaintiff has not made "adequate factual allegations against Boykins to establish the elements necessary to overcome the restrictions on employee personal liability" set out in *Canter v. Koehring*, 283 So.2d 716 (La. 1973). (Doc. 11 at 15).[1]

In *Canter*, the Louisiana Supreme Court adopted the following criteria for imposing liability on individual officers or employees for breaching a duty arising solely because of the employment relationship:

> 1. The principal or employer owes a duty of care to the third person . . . breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

---

[1] "This Court sitting in diversity pursuant to 28 U.S.C. Section 1332 must apply Louisiana law." *Jorge-Chavelas v. Louisiana Farm Bureau Cas. Ins. Co.*, 307 F. Supp. 3d 535, 552 (M.D. La. 2018), *aff'd*, 917 F.3d 847 (5th Cir. 2019).

2

> 4. With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Id.* at 721; *see Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (5th Cir. 2005).

Although Plaintiff does not allege that Boykins actually knew of or personally caused the spill that Plaintiff allegedly slipped on, Plaintiff argues that because Boykins was the only employee on duty at the time, and because Dollar General requires its employees to keep its stores clean, it stands to reason that Boykins had a personal duty towards Plaintiff, which Boykins breached by failing to clean the spill. (*See* Doc. 15 at 4). "However, none of the allegations of negligent acts committed by [Boykins] contain any facts which distinguish [Boykins'] alleged duty to the [P]laintiff from the general administrative responsibilities of [her] employment." *Gautreau v. Lowe's Home Ctr., Inc.*, No. CIV.A. 12-630-JJB, 2012 WL 7165280, at *4 (M.D. La. Dec. 19, 2012), *report and recommendation adopted,* No. CIV.A. 12-630, 2013 WL 636823 (M.D. La. Feb. 20, 2013) (finding improper joinder of defendant employee). Here, "[t]he duty alleged by the [P]laintiff is a duty owed generally to all patrons of the store—not a duty owed personally to the [P]laintiff arising from some relationship unique to her." *Id.*

As the Magistrate Judge points out, and as Plaintiff fails to meaningfully

3

contest, "[c]ourts have consistently found that where a plaintiff fails to allege that a non-diverse defendant had personal knowledge of, or actively contributed to, the dangerous condition, the plaintiff has failed to state a claim against that defendant." (Doc. 14 at 12 (citing cases)). Plaintiff's allegations against Boykins are similarly insufficient.

Upon *de novo* review and having carefully considered the Notice of Removal (Doc. 1), the parties' memoranda setting forth their arguments and respective positions regarding the Court's exercise of jurisdiction over this action, Plaintiff's objection to the Report, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Doc. 6)**, be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Susie Boykins be and are hereby **DISMISSED WITHOUT PREJUDICE** because she was improperly joined.[2]

**IT IS FURTHER ORDERED** that Defendant DG Louisiana, LLC's **Motion to Dismiss (Doc. 7)** be and is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this matter be and is hereby **REFERRED**

---

[2] *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016) ("[T]he dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal *without* prejudice in every instance.").

to the Magistrate Judge for the purpose of holding a scheduling conference.

Baton Rouge, Louisiana, this 16th day of September, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

5